T.C. Memo. 1998-425

UNITED STATES TAX COURT

RICHARD J. AND ANNA J. SINSIGALLI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket Nos. 18130-97, 13107-98.     Filed November 25, 1998.

Richard J. and Anna J. Sinsigalli, pro se.

<u>Richard A. Stone</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  These consolidated cases were
heard pursuant to the provisions of section 7443A(b)(3) and Rules
180, 181, and 182.[1]

---

[1]   Unless otherwise indicated, section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined deficiencies in petitioners' 1995 and 1996 Federal income taxes in the amounts of $2,209 and $2,591,[2] respectively. Respondent also determined an accuracy-related penalty under section 6662(a) for 1995 in the amount of $442. At the time the petitions were filed, petitioners resided in Forest Hill, Maryland.

The issues are whether petitioners are entitled to miscellaneous deductions in excess of those allowed by respondent for 1995, whether wages received by petitioner(s) in 1995 and 1996 are taxable, and whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) for 1995.

The facts may be summarized as follows. During the years in issue, petitioner Richard J. Sinsigalli was employed by Frederick Ward Associates as a design engineer. For the taxable year 1995, petitioners filed a joint Federal income tax return in which they claimed itemized deductions in the amount of $31,332.[3] Upon examination, respondent disallowed $16,221 claimed as miscellaneous deductions.

For the taxable year 1996, petitioners submitted a Form 1040 with "0.00" shown for their income and deductions. Petitioners

---

[2] The first page of the notice of deficiency for 1996 reflects a deficiency in the amount of $2,951. This apparently was due to a transposition error. The computation page of the notice shows a deficiency amount of $2,591, and, at trial, respondent verified that the lower amount was correct.

[3] Figures are rounded to the nearest dollar.

claimed an overpayment in the amount of $495 for withholding payments. Respondent issued a notice of deficiency based on a taxable income in the amount of $29,058 and deductions for personal exemptions and a standard deduction in the respective amounts of $5,100 and $6,700.

On petitioners' motion, these cases were consolidated for trial, briefing, and opinion and calendared for trial at the Court's Trial Session commencing October 5, 1998, in Baltimore, Maryland. At trial, a stipulation of facts was submitted in each case signed by respondent and both petitioners. Petitioner Richard J. Sinsigalli (petitioner) argued petitioners' position. Petitioners do not dispute that the wages were received, nor do petitioners dispute respondent's disallowance of the miscellaneous deductions. Rather, they argue that wages are not taxable income.

## Discussion

Section 61(a)(1) defines "gross income * * * [to mean] all income from whatever source derived, including (but not limited to) * * * [c]ompensation for services". "Wages * * * are income to the recipients". Sec. 1.61-2(a)(1), Income Tax Regs. Moreover, this Court and all others have consistently rejected the argument in various forms that wages are not taxable. See, e.g., Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983).

With respect to the disallowance of miscellaneous deductions pertaining to 1995, petitioners have the burden of establishing that they are entitled to the deductions claimed. Rule 142; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). After this Court rejected the argument that wages were not income, petitioner was given ample opportunity to present argument and evidence disputing respondent's determinations. Petitioner refused. We, therefore, sustain respondent's determinations.

Respondent determined that petitioners are liable for an accuracy-related penalty under section 6662(a) for 1995 for negligence. Section 6662(a) provides that "there shall be added to the tax an amount equal to 20 percent of the portion of the underpayment to which this section applies." Section 6662 applies to "the portion of any underpayment which is attributable to", inter alia, negligence or disregard of the rules or regulations. Sec. 6662(b)(1). Negligence "includes any failure to make a reasonable attempt to comply with the provisions * * * [of the Internal Revenue Code], and the term 'disregard' includes any careless, reckless, or intentional disregard." Sec. 6662(c). Petitioners again have the burden of establishing that the determination of the penalty was erroneous. Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989). Petitioners presented no evidence or argument concerning respondent's determination.

Respondent's determination of the accuracy-related penalty under section 6662(a) for 1995 is sustained.

Section 6673(a) provides that, if the Court determines that the position of the taxpayer is frivolous or groundless or that the taxpayer instituted or maintained the proceeding primarily for delay, the Court can award a penalty in an amount not in excess of $25,000. While we eschew awarding a penalty in these cases, if petitioner persists in his argument that wages are not income or other similarly frivolous arguments, we shall not be so constrained the next time.

<u>Decisions will be</u>

<u>entered for respondent.</u>